

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,166-01

### EX PARTE MICHAEL ANTHONY CAUDILL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. CR-4971-15-J(1) IN THE 430TH DISTRICT COURT FROM HIDALGO COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to twenty-five years' imprisonment. He did not appeal his conviction.

Applicant contends, among other things, that his trial counsel rendered ineffective assistance because he improperly advised Applicant that he could appeal pre-trial issues, and that without a deadly weapon finding, the sentence would be "non-aggravated."

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). The trial

court has entered findings of fact and conclusions of law, but they do not specifically address the two aforementioned claims. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to supplement his response to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings addressing how counsel specifically advised Applicant as to his parole eligibility date in this case. The trial court shall also make findings addressing whether Applicant executed a waiver of appeal[1] and specifying how counsel advised him about his appellate rights. Should the court determine that counsel erred, it shall make further findings addressing whether, but for counsel's error, Applicant would have insisted on a trial. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

---

[1] Though the docket sheet reflects a certification of appellate rights, the habeas record does not contain the document.

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.


Filed: December 19, 2018
Do not publish